Zhang v. Sessions

BIA
Nelson, IJ
A200 184 295

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of October, two thousand eighteen.

PRESENT:
ROBERT A. KATZMANN,
*Chief Judge,*
RALPH K. WINTER,
RICHARD C. WESLEY,
*Circuit Judges.*

_____

ZHI LIN ZHANG,
*Petitioner,*

v.

17-829
NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER: Adedayo O. Idowu, New York, NY.

FOR RESPONDENT: Chad A. Readler, Acting Assistant Attorney General; Carl McIntyre, Assistant Director; Robert D. Tennyson, Trial

Attorney, Office of Immigration
Litigation, United States
Department of Justice,
Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zhi Lin Zhang, a native and citizen of the People's Republic of China, seeks review of a March 8, 2017, decision of the BIA affirming a July 14, 2016, decision of an Immigration Judge ("IJ") denying Zhang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhi Lin Zhang,* No. A200 184 295 (B.I.A. Mar. 8, 2017), *aff'g* No. A200 184 295 (Immig. Ct. N.Y. City July 14, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-

66 (2d Cir. 2008); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

I.  Past Persecution

The agency found that Zhang was not credible regarding his allegations of past harm.  In determining credibility, the agency may base a credibility finding on inconsistencies in an applicant's or his witness's statements.  8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 163-64.  "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin*, 534 F.3d at 167.  "Where the IJ's adverse credibility finding is based on specific examples . . . of inconsistent statements or contradictory evidence, a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise."  *Id.* at 166 (internal quotation marks omitted).

Here, the IJ's finding is based on several "specific examples" of inconsistent statements and contradictory evidence.

First, the IJ identified an inconsistency between Zhang's testimony and his application concerning the number of times he was interrogated while detained. 8 U.S.C. § 1158(b)(1)(B)(iii). Zhang's application reported daily interrogations during his nearly month-long detention, but he testified that he was interrogated only three times. The IJ was not required to credit Zhang's explanation of translation error in his application because, among other things, Zhang declined to submit a Chinese language version of the statement. *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

Second, the IJ identified an inconsistency between Zhang's testimony and his friend's letter about the physical harm Zhang suffered while detained. 8 U.S.C. § 1158(b)(1)(B)(iii). The IJ was not compelled to accept Zhang's explanation for the inconsistency — that his friend saw swelling on his face after his release from detention and assumed that his physical mistreatment had been severe

— because Zhang testified only to being slapped on the third day of a month-long detention. *Majidi*, 430 F.3d at 80.

Third, the IJ identified an inconsistency between Zhang's testimony and his asylum interview about whether he was kicked during detention.[1] *Diallo v. Gonzales*, 445 F.3d 624, 631-32 (2d Cir. 2006) (observing that an adverse credibility determination can be based on discrepancies arising from an asylum interview and that, unlike border interviews, asylum interviews "do not call for *special* scrutiny"). Zhang stated during his asylum interview that the police kicked him in detention, but he testified that he was only slapped.[2] Zhang did not merely omit being kicked from his testimony, as he argues on appeal, but he specifically testified that he was only slapped, which is an inconsistent description of the alleged harm. App. 75.

Given the foregoing inconsistencies, this Court is "not . . . able to conclude that a reasonable adjudicator was compelled to find" Zhang credible. *Xiu Xia Lin*, 534 F.3d at 166. The agency therefore did not err in rejecting Zhang's past persecution claim on credibility grounds.

---

[1] Because the BIA did not reject this finding, it remains part of the agency decision under review. *See Yun-Zui Guan*, 432 F.3d at 394.

## II. Future Persecution

The agency also determined that Zhang failed to meet his burden for asylum based on his religious activities in the United States. Absent past persecution, an applicant may establish eligibility for asylum by demonstrating an independent well-founded fear of future persecution, which "is a subjective fear that is objectively reasonable." *Dong Zhong Zheng v. Mukasey*, 552 F.3d 277, 284 (2d Cir. 2009) (internal quotation marks omitted); *see* 8 U.S.C. § 1101(a)(42); 8 C.F.R. § 1208.13(b)(2); *see also Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("For an asylum claim, the applicant must show a reasonable possibility of future persecution." (internal quotation marks omitted)). "[I]n order to establish eligibility for relief based exclusively on activities undertaken after . . . arrival in the United States, an alien must make some showing that authorities in his country of nationality are (1) aware of his activities or (2) likely to become aware of his activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 138 (2d Cir. 2008).

Zhang failed to show that Chinese authorities were or would likely become aware of his activities. *Id.; Jian Xing*

6

*Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record," a fear of persecution is not well founded and "is speculative at best."). Zhang does not challenge the agency's finding that he failed to present any independent evidence that Chinese authorities were or would likely become aware of his religious practice in the United States. He instead contends that Chinese authorities are aware of his underground church activities based on his past experiences in China. But, as set forth above, this Court is not able to conclude that the agency was compelled to credit Zhang's testimony. And there was no other evidence that Chinese authorities would likely discover Zhang's religious activities. While Zhang refers to background evidence and country reports in his brief, he did not submit any such evidence to the agency. His argument that he demonstrated his eligibility for asylum because there is a pattern and practice of persecution in China of underground Christians is therefore misplaced. *See Jian Xing Huang*, 421 F.3d at 129. Accordingly, the agency did not err in denying asylum or in concluding that he necessarily failed to meet the higher burdens for withholding of removal and CAT relief. *Y.C.*, 741 F.3d at 335.

For the foregoing reasons, Zhang's petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk